UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:23-cv-09315-CAS (Ex) | Date | July 1, 2024 |
|---|---|---|---|
| Title | DMITRY ANDRIANOV V. UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES (USCIS) ET AL | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Deborah Parker | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Aaron Frankel | Devin Barrett |

**Proceedings:** ZOOM HEARING RE: DEFENDANTS' MOTION TO DISMISS (Dkt. 20, filed on APRIL 22, 2024)

## I.  INTRODUCTION

On October 3, 2023, plaintiff Dmitry Andrianov filed this action in the United States District Court for the Southern District of California against defendants United States Citizenship and Immigration Services ("USCIS"); Alejandro Mayorkas, Secretary, Department of Homeland Security; Los Angeles Asylum Office, USCIS; UR M. Jaddou, Director, USCIS; Ted H. Kim, Associate Director, Refugee, Asylum and International Operations, USCIS; John Lafferty, Chief of the Asylum Division, USCIS; and Matthew D. Emrich, Associate Director, Fraud Detection and National Security Directorate, USCIS. Dkt. 1 ("Compl."). Plaintiff asserts five claims for relief: (1) violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(1)—unreasonable delay; (2) violation of the APA, 5 U.S.C. § 706(2)—exceeds statutory authority; (3) violation of the APA, 5 U.S.C. § 706(2)—not in accordance with law; (4) violation of the APA, 5 U.S.C. § 706(2)—arbitrary and capricious; and (5) a writ of mandamus, 28 U.S.C. § 1361. Id.

On November 3, 2023, the parties filed a joint motion to transfer venue to the United States District Court for the Central District of California, which the court granted that same day. Dkts. 3, 4.

On April 22, 2024, defendants filed a motion to dismiss and attached declarations of John L. Lafferty and David Radel. Dkts. 20 ("Mot."), 20-1 ("Decl. of Lafferty"), 20-2 ("Decl. of Radel"). On June 10, 2024, plaintiff filed an opposition to defendants' motion

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:23-cv-09315-CAS (Ex) | Date | July 1, 2024 |
|---|---|---|---|
| Title | DMITRY ANDRIANOV V. UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES (USCIS) ET AL | | |

to dismiss.[1]  Dkt. 21 ("Opp.").  On June 17, 2024, defendants filed a reply in support of their motion.  Dkt. 22 ("Reply").

On July 1, 2024, the Court held a hearing on defendants' motion to dismiss.  At the hearing, plaintiff indicated that he was dismissing his second through fourth claims for relief under § 706(2).  Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.   BACKGROUND

### A.   Factual Background

Plaintiff experienced and fled from life-threatening persecution in Russia because he is a gay man.  Compl. ¶ 2.  On December 14, 2020, he filed an I-589 Application for Asylum and Withholding of Removal ("asylum application"), which is now assigned to the Los Angeles Asylum Office of USCIS.  Id. ¶¶ 3, 13, 15.  However, the Los Angeles Asylum Office has not yet adjudicated plaintiff's asylum application or even scheduled his asylum interview.  Id. ¶ 3.  Plaintiff does not qualify for a petition to expedite, and there are no further administrative remedies available to him.  Id. ¶ 27.  He is "in perpetual fear that he will be forced to return to Russia" and is concerned that with the passage of time, it will become more difficult to obtain witnesses and evidence to support his asylum claim.  Id. ¶¶ 28-30.  According to plaintiff, "this case is about [d]efendants' wholesale abandonment of their statutory duty to adjudicate [p]laintiff's application for asylum as part of an arbitrarily selected group of individuals, which [d]efendants are not lawfully permitted to do."  Id. ¶ 6.

Pursuant to Immigration and Nationality Act ("INA") § 208(a), 8 U.S.C. § 1158(a), USCIS has a non-discretionary duty to adjudicate asylum claims.  Id. ¶ 21.  8 U.S.C. § 1158(d)(5)(A)(ii) states that "in the absence of exceptional circumstances, the initial interview or hearing on the asylum application *shall* commence *not later than 45 days* after the date an application is filed."  Id. ¶ 22 (emphasis in original).  8 U.S.C. § 1158(d)(5)(A)(iii) further provides that "in the absence of exceptional circumstances, final administrative adjudication of the asylum application, not including administrative

---

[1] In the event the Court grants any portion of defendants' motion, plaintiff requests leave to amend.  Opp. at 17-18.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**           'O'

| Case No. | 2:23-cv-09315-CAS (Ex) | Date | July 1, 2024 |
|---|---|---|---|
| Title | DMITRY ANDRIANOV V. UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES (USCIS) ET AL | | |

appeal, shall be completed *within 180 days* after the date an application is filed." Id. (emphasis in original). Pursuant to 8 U.S.C. § 1158(d)(7), "[n]othing in this subsection [d] shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person." Id. ¶ 23. Plaintiff alleges that § 1158(d)(7) does not prevent him from bringing the instant action against defendants because his claim is not based on § 1158(d) but on § 1158(a)—defendants' duty to adjudicate plaintiff's asylum application within a reasonable period of time. Id.

### B. USCIS's Last In, First Out ("LIFO") Policy

In January 2018, USCIS adopted the LIFO policy that divides applicants into three pools for purposes of scheduling asylum interviews. Compl. ¶ 32.

> First priority applicants are those being rescheduled for interviews that were previously cancelled by either the applicant or USCIS. Second priority goes to new applications pending 21 days or less. Third priority goes to those in the "asylum backlog" who are waiting for interviews, starting with the most recently added applicant.

Id. Within the third pool, USCIS prioritizes scheduling applicants who filed after the one-year filing bar—or one year after their arrival in the United States. Id. ¶ 33. Plaintiff filed his asylum application within the one-year deadline and is "therefore, effectively behind all members of the third priority group who filed after the one-year deadline." Id. Thus, defendants may never adjudicate plaintiff's claim under the LIFO policy, and plaintiff's asylum application is in an "indefinite suspension." Id. ¶ 34. Further, the number of applicants in the backlog continues to increase because "the backlog for affirmative asylum applications has grown steadily every year." Id. ¶¶ 35-36. "USCIS has consistently completed fewer affirmative asylum applications than it receives each year," and the COVID-19 pandemic only exacerbated the backlog. Id. ¶¶ 38-39.

Under the LIFO policy, plaintiff and other third-priority applicants "move further and further away from an interview each month." Id. ¶ 45. Plaintiff suggests several modifications to or replacements for the LIFO policy that would result in a reasonable timeframe for defendants to adjudicate his asylum application without expending any additional resources. Id. ¶¶ 46-49.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**         'O'

| Case No. | 2:23-cv-09315-CAS (Ex) | Date | July 1, 2024 |
|---|---|---|---|
| Title | DMITRY ANDRIANOV V. UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES (USCIS) ET AL | | |

### III.   LEGAL STANDARD

#### A.   Federal Rule of Civil Procedure 12(b)(1)

A motion to dismiss an action pursuant to Fed. R. Civ. P. 12(b)(1) raises the objection that the federal court has no subject matter jurisdiction over the action.  This defect may exist despite the formal sufficiency of the allegations in the complaint.  T.B. Harms Co. v. Eliscu, 226 F. Supp. 337, 338 (S.D.N.Y. 1964), aff'd 339 F.2d 823 (2d Cir. 1964).  When considering a Rule 12(b)(1) motion challenging the substance of jurisdictional allegations, the Court is not restricted to the face of the pleadings, but may review any evidence, such as declarations and testimony, to resolve any factual disputes concerning the existence of jurisdiction.  See McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).

Once a Rule 12(b)(1) motion has been raised, the burden is on the party asserting jurisdiction.  Sopcak v. N. Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir. 1995); Ass'n of Am. Med. Coll. v. United States, 217 F.3d 770, 778-79 (9th Cir. 2000).  If jurisdiction is based on a federal question, the pleader must show that he has alleged a claim under federal law and that the claim is not frivolous.  See 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1350, pp. 211, 231 (3d ed. 2021).  If jurisdiction is based on diversity of citizenship, the pleader must show real and complete diversity, and also that his asserted claim exceeds the requisite jurisdictional amount of $75,000.  See id.

If the plaintiff lacks standing under Article III of the U.S. Constitution, then the court lacks subject matter jurisdiction, and the case must be dismissed.  See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 101-02 (1998).

#### B.   Federal Rule of Civil Procedure 12(b)(6)

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint.  Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'"  Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:23-cv-09315-CAS (Ex) | Date | July 1, 2024 |
|---|---|---|---|
| Title | DMITRY ANDRIANOV V. UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES (USCIS) ET AL | | |

provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:23-cv-09315-CAS (Ex) | Date | July 1, 2024 |
|---|---|---|---|
| Title | DMITRY ANDRIANOV V. UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES (USCIS) ET AL | | |

## IV. DISCUSSION

### A. Subject Matter Jurisdiction

Defendants argue that the Court lacks subject matter jurisdiction under the APA, which creates only "a limited cause of action for agency actions unlawfully withheld or unreasonably delayed under 5 U.S.C. § 706(1)," for three reasons. Mot. at 10. First, defendants assert that 8 U.S.C. § 1158(a)—the statute upon which plaintiff relies for his unreasonable delay claim—does not impose a specific time frame for the adjudication of an asylum application. Id. Second, defendants contend that § 1158(d)(7) "explicitly provides that the statutory timeframes are not enforceable against the government" and that "[d]istrict courts have 'routinely held that asylum applicants lack a private right of action to enforce the timing requirements of § 1158(d)(5)(A)'" as a result. Id. (citing Liuqing Zhu v. Cissna, No. CV 18-9698 PA-JPRX, 2019 WL 3064458, at *3 (C.D. Cal. Apr. 22, 2019). Finally, defendants argue that because § 1158(d)(5)(A) suggests that its timelines are not mandatory or required, the failure of an agency to adjudicate an asylum application is not subject to judicial review. Mot. at 11.

In opposition, plaintiff asserts that his claims do not depend upon the specific timelines set forth in § 1158(d) but instead relate to defendants' violation of "their non-discretionary duty to adjudicate his asylum claim without unreasonable delay" pursuant to § 1158(a). Opp. at 5-6. According to plaintiff, § 1158(d)(7) does not apply to § 1158(a) and thus does not bar his claims. Id. at 6. To support his position, plaintiff cites Tailawal v. Alejandro Mayorkas, Sec'y of Homeland Sec. in which the court found that "there is no statutory preclusion preventing judicial review of USCIS's inaction under the APA" and retained jurisdiction to hear the plaintiff's APA claims. Id. at 5; Tailawal, No. LA-CV-2201515-SPG-RAOX, 2022 WL 4493725, at *3 (C.D. Cal. Aug. 18, 2022). He contends that other district courts have similarly retained subject matter jurisdiction over "APA and mandamus claims based on unreasonable delay in scheduling asylum interviews." Opp. at 6.

In reply, defendants argue that "[p]laintiff has not and cannot point to any statute, rule, or agency practice that details an enforceable deadline because the only guidelines supplied by Congress are set forth in 8 U.S.C. § 1158(d)(5)(A), which § 1158(d)(7) confirms is not judicially enforceable." Reply at 1-2. Moreover, defendants assert that plaintiff concedes that his claims are not based on § 1158(d)(5)(A) but instead rely solely

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| Case No. | 2:23-cv-09315-CAS (Ex) | Date | July 1, 2024 |
|---|---|---|---|
| Title | DMITRY ANDRIANOV V. UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES (USCIS) ET AL | | |

on § 1158(a)—a provision that does not indicate a specific timeframe for adjudication. Id. at 2. According to defendants, plaintiff's claim that USCIS will never adjudicate his asylum application due to its LIFO policy is not ripe, particularly because "[p]laintiff's application has been pending for less than four years" and USCIS "has adopted a [First In, First Out ("FIFO")] policy to ensure applications cannot be pending indefinitely as [p]laintiff alleges." Id. Finally, defendants argue that plaintiff further faces the barrier of USCIS's discretion as an agency under 5 U.S.C. § 701(a)(2), "which is particularly true where, as here, the Court lacks a meaningful standard to judge the agency's determination that its pacing of asylum interviews is impacted by exceptional circumstances." Id. at 3.

The Court concludes that it has subject matter jurisdiction to decide plaintiff's claim for unreasonable delay under 5 U.S.C. § 706(1). Pursuant to 8 U.S.C. § 1158, defendants have a non-discretionary duty to adjudicate plaintiff's asylum application. See Tailawal, No. LA-CV-2201515-SPG-RAOX, 2022 WL 4493725, at *3 ("That some limited discretion to delay the interview is retained by the agency in 'exceptional circumstances' does not negate the discrete and mandatory nature of the dictated action."). It appears to the Court that plaintiff does not bring the instant action to enforce the specific deadlines set forth in § 1158(d). Instead, plaintiff alleges that defendants' delay in scheduling an interview and adjudicating his claim is unreasonable and that he may never receive an interview based on defendants' LIFO policy. Thus, the Court retains subject matter jurisdiction over this action and proceeds to analyze the parties' arguments and submissions. Accordingly, the Court **DENIES** defendants' motion to dismiss for lack of subject matter jurisdiction.

    **B.**      **Failure to State a Claim**

        1.      First Claim for Unreasonable Delay Under 5 U.S.C. § 706(1)

The Ninth Circuit has adopted a six-factor test for determining when an agency delay is unreasonable under 5 U.S.C. § 706(1). This test incorporates the "TRAC factors," which are named after the case in which they originated, Telecommunications Research & Action v. FCC (TRAC), 750 F.2d 70, 80 (D.C.Cir. 1984). The six factors to be "balance[d]" are:

    (1) the time agencies take to make decisions must be governed by a "rule of reason"; (2) where Congress has provided a timetable or other indication of

Case 2:23-cv-09315-CAS-E   Document 28   Filed 07/01/24   Page 8 of 13   Page ID #:146

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                'O'

| Case No. | 2:23-cv-09315-CAS (Ex) | Date | July 1, 2024 |
|---|---|---|---|
| Title | DMITRY ANDRIANOV V. UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES (USCIS) ET AL | | |

the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by the delay; and (6) the court need not "find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed."

Brower v. Evans, 257 F.3d 1058, 1068 (9th Cir. 2001) (brackets omitted) (quoting Independence Mining Co. v. Babbitt, 105 F.3d 502, 507 n.7 (9th Cir. 1997) (in turn quoting TRAC, 750 F.2d at 80)).

Defendants contend that plaintiff fails to allege that the adjudication of his asylum application by USCIS has been "unreasonably" delayed pursuant to 5 U.S.C. § 706(1) and argue that the TRAC factors all favor USCIS. Mot. at 11-12.

### a. First Factor: Rule of Reason

While plaintiff argues that LIFO is not a rule of reason because the asylum backlog continues to increase, defendants assert that several courts have found LIFO to be a rule of reason because it "is an effective tool to discourage meritless filings to obtain EADs," and it reduced the backlog in 2013. Mot. at 13. Defendants argue that USCIS's temporary use of FIFO to respond to global migration changes and the surge in the number of those seeking asylum resulted in a "crisis-level backlog of asylum applications" and ultimately "the re-institution of LIFO." Id. According to defendants, asylum officers have been diverted from processing the backlog due to the surge of affirmative asylum applications, a lack of funding, and congressional mandates. Id. Finally, defendants contend that plaintiff is not in "indefinite suspension" because USCIS has created a second track to ameliorate the backlog and address the longest-pending cases. Id. at 14.

In opposition, plaintiff asserts that the premise of his allegations is that the "LIFO policy will cause him to never receive an asylum interview or, at a minimum, to wait decades for an interview." Opp. at 7 (emphasis omitted). According to plaintiff, his allegations—which the Court should accept as true—are based on "USCIS'[s] published

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        'O'

| Case No. | 2:23-cv-09315-CAS (Ex) | Date | July 1, 2024 |
|---|---|---|---|
| Title | DMITRY ANDRIANOV V. UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES (USCIS) ET AL | | |

policies and statistics, Annual Reports of the Citizenship and Immigration Services Ombudsman, and the reports and analysis of informed organizations." Id. at 7-8. He distinguishes his complaint from the cases cited by defendants based on his detailed factual allegations and argues that LIFO consequently cannot be a rule of reason. Id. at 9-10. He contends that "[d]efendants' inability to provide any estimate of when [his] claim is expected to be adjudicated further supports a finding that [he] has stated a plausible claim that LIFO is not a rule of reason." Id. at 9. Moreover, plaintiff argues that the Court should deny the instant motion to dismiss because the fact-intensive rule of reason analysis would benefit from a fully developed record. Id. at 10. Further, plaintiff asserts that the Court must set aside defendants' declarations and arguments about their new LIFO-FIFO policy, which are based on extrinsic evidence, for purposes of the instant motion. Id.

In reply, defendants assert that USCIS's backlog reduction effort supports what other courts have repeatedly found—that LIFO is a rule of reason. Reply at 5. They contend that "[a] rule of reason is the most important, if not fully determinative, factor in determining whether an agency's delay is unreasonable utilizing the TRAC analysis." Id.

     *b. Second Factor: Statutory Timetable*

Defendants first argue that Congress provided agencies with discretion to forgo the timeframes set forth in § 1158(d)(5)(A) in "exceptional circumstances," which they assert are present due to global migration, surges at the border, and the resulting "crisis-level backlog of asylum applications." Mot. at 15. Moreover, defendants assert that "§ 1158(d)(7) expressly bars an individual from suing the United States for failure to meet the timeframes set forth in § 1158(d)(5)(A)." Id. In addition, defendants contend that plaintiff's wait for adjudication of his asylum application—less than four years—is reasonable. Id.

In opposition, plaintiff argues that he has waited twenty-eight times the statutory deadline of forty-five days for USCIS to hold an asylum interview. Opp. at 11. While defendants contend that his wait of less than four years is not unreasonable, plaintiff argues that the basis of his claim is that he will not receive an asylum interview and will therefore wait indefinitely. Id. at 11-12.

In reply, defendants assert that USCIS has discretion vested by Congress to manage its competing workloads when it faces exceptional circumstances, and there are

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL** 'O'

| Case No. | 2:23-cv-09315-CAS (Ex) | Date | July 1, 2024 |
|---|---|---|---|
| Title | DMITRY ANDRIANOV V. UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES (USCIS) ET AL | | |

no manageable standards for courts to evaluate those circumstances. Reply at 6. They assert that plaintiff's contention that he will never receive an interview is "an illogical leap" and ignores defendants' efforts to address the affirmative asylum backlog. Id.

   c. *Third and Fifth Factors: Human Health and Welfare and the Interests Prejudiced by the Delay*

  Defendants assert that plaintiff's desire to live permanently and safely in the United States does not constitute a risk to plaintiff's health or welfare, and plaintiff has further not sought an expedited interview with USCIS. Mot. at 16. They argue that while plaintiff's asylum application is pending, he not only may live in the United States without the fear of removal but also may obtain employment. Id. Finally, defendants contend that plaintiff's claim that he will be prejudiced by the potential loss of evidence due to defendants' delay is generalized and accounted for by USCIS when it considers "the totality of the circumstances" in adjudicating an asylum application. Id. Defendants further assert that plaintiff could overcome this prejudice by taking reasonable steps to preserve such evidence. Id.

  In opposition, plaintiff asserts that he cannot settle into a stable life, suffers daily psychological trauma from the uncertainty regarding whether or not he will have to return to Russia, and is concerned about how the passage of time will impact his ability to prove his asylum case. Opp. at 12. Thus, because defendants' indefinite delay prejudices his fundamental health and welfare interests, plaintiff argues that the third and fifth factors favor him. Id.

  In reply, defendants argue that "[p]laintiff's [o]pposition fails to explain how the facts pled in his [c]omplaint demonstrate that he prevails on the third or fifth TRAC factors and he cites no case law to support his argument." Reply at 7.

   d. *Fourth Factor: Effect of Expediting Delayed Action*

  Defendants assert that USCIS—not plaintiff—"is in the best position to determine how to prioritize using its very limited resources to address the asylum application backlog." Mot. at 17. They argue that courts in the Ninth Circuit have recognized that adjudicating a plaintiff's asylum application would prejudice other individuals seeking asylum whose applications have been pending for as long or longer. Id.

  In opposition, plaintiff asserts that he will never receive an asylum interview because new applicants are constantly prioritized ahead of him in the backlog. Opp. at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:23-cv-09315-CAS (Ex) | Date | July 1, 2024 |
|---|---|---|---|
| Title | DMITRY ANDRIANOV V. UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES (USCIS) ET AL | | |

12. Plaintiff argues that he does not seek to "jump [] ahead of the line" but to move closer to instead of away from an interview with the passage of time. Id. Further, he contends that his proposed procedures for scheduling asylum interviews "would result in *all applicants* receiving an interview within a foreseeable and reasonable timeframe." Id. (emphasis in original).

In reply, defendants argue that the fourth factor strongly favors USCIS because the agency has several competing priorities: processing other and potentially older asylum applications and "processing time-sensitive credible and reasonable fear claims" that determine whether a noncitizen may stay for removal proceedings. Reply at 7-8. Thus, defendants assert that prioritizing plaintiff's application would "interrupt USCIS'[s] orderly adjudicative work." Id. at 8.

### e. Sixth Factor: Bad Faith

Defendants assert that while USCIS has not yet adjudicated plaintiff's application because of his placement in the third priority under LIFO, it has created a second track for scheduling interviews to ameliorate the affirmative asylum backlog. Mot. at 18. Thus, defendants argue that any delay is not due to agency bad faith or impropriety. Id.

In opposition, plaintiff asserts that this factor is neutral because the Court does not need to find agency impropriety to find an unreasonable delay. Opp. at 13.

In reply, defendants assert that plaintiff concedes that this factor is "at worst, neutral." Reply at 8.

### f. Analysis and Balancing of TRAC Factors

While defendants argue that factual development is unnecessary because plaintiff's unreasonable delay claim fails as a matter of law, plaintiff asserts that he "should be afforded an opportunity to test defendant[s'] factual allegations before the Court makes a finding that . . . he has failed to state a claim." Opp. at 15; see also Reply at 3. The Court agrees with plaintiff. It appears to the Court that, "because the TRAC factor analysis is necessarily fact-intensive, it is more appropriately applied after some discovery than at the pleading stage." Tailawal, No. CV-22-01515-SPG-RAOX, 2022 WL 4493725, at *4; see also Hui Dong v. Cuccinelli, No. CV-2010030-CBM-PLAX, 2021 WL 1214512, at *4 (C.D. Cal. Mar. 2, 2021) ("[T]he Court finds it is premature to rule on the issue of whether [p]laintiff has satisfied the TRAC test at the pleading stage as to [p]laintiff's APA claim."); Gelfer v. Chertoff, No. CV 06-06724 WHA, 2007 WL 902382, at *2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:23-cv-09315-CAS (Ex) | Date | July 1, 2024 |
|---|---|---|---|
| Title | DMITRY ANDRIANOV V. UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES (USCIS) ET AL | | |

(N.D. Cal. Mar. 22, 2007) (denying motion to dismiss because "[w]hat constitutes an unreasonable delay in the context of immigration applications depends to a great extent on the facts of the particular case"). Accordingly, the Court **DENIES** defendants' motion to dismiss plaintiff's § 706(1) claim.[2]

2.   Mandamus Claim

Defendants assert that § 1158(d)(7) does not permit a plaintiff to bring a claim against the United States based on the timeframes set forth in § 1158(d)(5)(A). Mot. at 20-21. Thus, defendants argue that the Court should dismiss plaintiff's mandamus claim because it is not "clear and certain" and does not warrant such extraordinary and drastic relief. Id. at 20-21.

In opposition, plaintiff contends that he "alleges sufficient facts to demonstrate that he has a 'clear right' to an asylum interview and that [d]efendants have a plainly defined and 'peremptory duty' to provide him with an interview, which they have failed to perform without unreasonable delay." Opp. at 15.

In reply, defendants argue that plaintiff fails to establish his claim to mandamus relief or "any basis that would justify moving him to the front of the line." Reply at 9.

The Court applies § 706(1) to evaluate plaintiff's mandamus claim. See Independence Mining Co. v. Babbitt, 105 F.3d 502, 507 (9th Cir. 1997) ("[T]he Supreme Court has construed a claim seeking mandamus under the [Mandamus and Venue Act], 'in essence,' as one for relief under § 706 of the APA. [] Because the relief sought is essentially the same, in the form of mandamus, we elect to analyze [plaintiff's] entitlement to relief under the APA."). Because the Court finds that plaintiff's § 706(1) claim is better decided upon a more fully developed record, it finds that plaintiff's

---

[2] In response to plaintiff's contention that defendants' motion improperly relies on extrinsic evidence, defendants assert that the Court may judicially notice USCIS's modified approach to processing asylum applications, which is located on USCIS's website. Reply at 4; see also Affirmative Asylum Interview Scheduling, USCIS, https://www.uscis.gov/affirmative-asylum-scheduling (last updated March 29, 2024). The Court finds that judicial notice of USCIS's website is appropriate pursuant to Federal Rule of Evidence 201.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:23-cv-09315-CAS (Ex) | Date | July 1, 2024 |
|---|---|---|---|
| Title | DMITRY ANDRIANOV V. UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES (USCIS) ET AL | | |

mandamus claim is also better decided after discovery, rather than on a motion to dismiss. Accordingly, the Court **DENIES** defendants' motion to dismiss plaintiff's mandamus claim.

**V.   CONCLUSION**

In accordance with the foregoing, the Court **DENIES** defendants' motion to dismiss plaintiff's first claim under § 706(1) and claim for a writ of mandamus. In light of plaintiff's dismissal of his second, third, and fourth claims under § 706(2), the Court **DENIES AS MOOT** defendants' motion to dismiss as to those claims.

The Court sets a Status Conference on **August 5, 2024,** at **11:00 A.M.** to be held by Zoom. Zoom Webinar Information can be found on the Court's Website, under Judge Snyder's Procedures.

IT IS SO ORDERED.

|  | 00 | : | 18 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |