UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DMITRY ANDRIANOV, | Case No. 2:23-cv-09315-CAS-E |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, ET AL., | |
| Defendants. | |

1. **A. PURPOSES AND LIMITATIONS**

   Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted, including case-specific, asylum-related, or private information relating to Plaintiff. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords

from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

### B. GOOD CAUSE STATEMENT

This action is likely to involve: (i) information, documents or tangible things protected by the Privacy Act, 5 U.S.C. § 552a, *et seq.*, or information that would be covered by the Privacy Act if the subject of the information had been a U.S. citizen or a person lawfully admitted for permanent residence; (ii) information, documents or tangible things—which may include, among other things, Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"), and U.S. Citizenship and Immigration Services ("USCIS") records regarding law enforcement activities and operations, internal policies, processes and procedures, and internal investigations—which contain information that is law enforcement sensitive, for instance, information which would be protected from disclosure under Freedom of Information Act, 5 U.S.C. § 552, *et seq.*, under the exemption found at 5 U.S.C. § 552(b)(7)(E); (iii) information contained in or pertaining to asylum claims or applications, including applications for relief under the Convention Against Torture ("CAT") and refugee information; (iv) any identifying information that is not publicly available and qualifies for protection under applicable law, statutes or regulations (including 8 C.F.R. §§ 208.6, 1208.6(a)), including, but not limited to, the names, addresses, date of birth, and "A" number of the particular individual to whom information relates, any other personally identifiable information identified in Federal Rule of Civil Procedure 5.2, and any personally identifiable information related to third parties other than the individual whose information is being sought; and (v) any other information that is protected or restricted from disclosure by Court order, statutes, or regulations, including but not limited to: 8 U.S.C. §§ 1202(f), 1304(b), and 1367(a)(2), (b), (c), (d); 8 C.F.R. §§ 208.6, 244.16, 245a.21, 1003.46, and 1208.6, which otherwise could subject either party to civil or criminal penalties or other sanctions in the event of unauthorized disclosure.

Specifically, on October 4, 2024, Defendants will file the Certified Administrative Record of the Plaintiff's asylum application, which was filed with Defendant United States Citizenship and Immigration Services on or about December 15, 2020 (the "CAR"). *See* Minutes (ECF No. 31); Joint Report (ECF No. 30) at 8. The CAR is likely to contain personally identifiable information and information regarding the Plaintiff's asylum application including information regarding Plaintiff's prior persecution and fear of future persecution that is protected by law. *See* 8 C.F.R. § 208.6 (governing the disclosure of information contained in or pertaining to any asylum application). Disclosure of asylum-related information may subject an asylum applicant to retaliatory measures by government authorities or non-state actors in the event that an asylum applicant is repatriated, or endanger the security of the applicant's family members still residing in the applicant's country of origin. *See* USCIS Asylum Division, *Fact Sheet: Federal Regulation Protecting the Confidentiality of Asylum Applicants* (Oct. 18, 2012), https://www.uscis.gov/sites/default/files/document/fact-sheets/Asylum-ConfidentialityFactSheet.pdf.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

C. ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER SEAL

The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle the parties to file confidential information

1  under seal. Local Civil Rule 79-5 sets forth the procedures that must be followed and the
2  standards that will be applied when a party seeks permission from the court to file material
3  under seal.

4       There is a strong presumption that the public has a right of access to judicial
5  proceedings and records in civil cases. In connection with non-dispositive motions, good
6  cause must be shown to support a filing under seal. *See Kamakana v. City and Cnty. of*
7  *Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006); *Makar-Welbon v. Sony Elecs., Inc.*, 187
8  F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause
9  showing). A specific showing of good cause or compelling reasons with proper evidentiary
10 support and legal justification, must be made with respect to protected material that a party
11 seeks to file under seal. *See Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th
12 Cir. 2002). The parties' mere designation of disclosure of discovery material as
13 confidential does not—without the submission of competent evidence by declaration,
14 establishing that the material sought to be filed under seal qualifies as confidential,
15 privileged, or otherwise protectable—constitute good cause. *See Kamakana*, 447 F.3d at
16 1182.

17      Further, if a party requests sealing related to a dispositive motion or trial, then
18 compelling reasons, not only good cause, for the sealing must be shown, and the relief
19 sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos*
20 *v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of
21 information, document, or thing sought to be filed or introduced under seal in connection
22 with a dispositive motion or trial, the party seeking protection must articulate compelling
23 reasons, supported by specific facts and legal justification, for the requested sealing order.
24 Again, competent evidence supporting the application to file documents under seal must
25 be provided by declaration.

26      Any document that is not confidential, privileged, or otherwise protectable in its
27 entirety will not be filed under seal if the confidential portions can be redacted. If
28 documents can be redacted, then a redacted version for public viewing, omitting only the

confidential, privileged, or otherwise protectable portions of the document shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

**2.      DEFINITIONS**

2.1.    <u>Action</u>: *Dmitry Andrianov v. United States Citizenship and Immigration Services, et al.*, 2:23-cv-09315-CAS-E.

2.2.    <u>Challenging Party</u>: A party or non-party that challenges the designation of information or items under this Order.

2.3.    <u>"CONFIDENTIAL" Information or Items</u>: Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement, including the CAR.

2.4.    <u>Counsel</u>: outside counsel of record and house counsel (as well as their support staff).

2.5.    <u>Designating Party</u>: A party or non-party that designates information or items that it files or produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6.    <u>Disclosure or Discovery Material</u>: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things) that are produced or generated in disclosures or responses to discovery in this matter, including the CAR.

2.7.    <u>Expert</u>: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a party or its counsel to serve as an expert witness or as a consultant in this action.

2.8.    <u>House Counsel</u>: Attorneys who are employees of a party to this action. House counsel does not include outside counsel of record or any other outside counsel.

2.9.    <u>Non-Party</u>: Any natural person, partnership, corporation, association or other legal entity not named as a party to this action.

2.10. <u>Outside Counsel of Record</u>: Attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

2.11. <u>Party</u>: Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel of record (and their support staffs).

2.12. <u>Producing Party</u>: A party or non-party that produces disclosure or discovery material in this action.

2.13. <u>Professional Vendors</u>: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14. <u>Protected Material</u>: Any disclosure or discovery material that is designated as "CONFIDENTIAL."

2.15. <u>Receiving Party</u>: A party that receives disclosure or discovery material from a producing party.

**3.  SCOPE**

The protections conferred by this Stipulation and Order cover not only protected material (as defined above), but also (1) any information copied or extracted from protected material; (2) all copies, excerpts, summaries, or compilations of protected material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal protected material.

Any use of protected material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of protected material at trial.

**4.  DURATION**

Once a case proceeds to trial, information that was designated as CONFIDENTIAL or maintained pursuant to this protective order used or introduced as an exhibit at trial

becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. *See Kamakana*, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, as to such items, the terms of this protective order do not extend beyond the commencement of the trial unless confidentiality statutory and regulatory requirements prohibit such disclosure to the public in which case the terms of this protective order will remain in place through trial or conclusion of this case.

Notwithstanding the above, the CAR shall remain subject to the provisions of this protective order indefinitely.

**5.   USE OF CONFIDENTIAL INFORMATION IN COURT PROCEEDINGS**

Where a party files (or seeks to file) a document with the Court that contains confidential information, the party shall comply with the procedures and requirements of the Local Rules of this Court and shall properly redact any confidential information contained in that document. Where redaction is not feasible because the confidential information is relevant or essential to the paper(s) being filed with the Court, the party must conspicuously label the document, or protected part thereof, as "CONFIDENTIAL" and submit such document, or protected part thereof, to the Court with a motion requesting that it be filed under seal, in accordance with the procedures set out in the local rules or other applicable rules of this Court.

In the event confidential information is used in any court proceeding in this action, it shall not lose its protected status through such use, and the party using the information shall take all reasonable steps to protect its confidentiality during such use.

**6.   DESIGNATING PROTECTED MATERIAL**

6.1.   <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies

under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the designating party to sanctions. If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, that designating party must promptly notify all other parties that it is withdrawing the inapplicable designation.

6.2. <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (*see, e.g.*, Section 6.2.1 below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced, or in the case of the CAR, designated in conformity with this Order at the time of filing.

6.2.1. Designation in conformity with this Order requires:

    a.    For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the producing party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. If only a portion of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

    b.    A party or non-party that makes original documents available for inspection need not designate them for protection until after the inspecting party has indicated which documents it would like copied and produced.

During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting party has identified the documents it wants copied and produced, the producing party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the producing party must affix the CONFIDENTIAL legend to each page that contains protected material. If only a portion of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

c. To the extent depositions are taken, the designating party shall identify on the record the disclosure or discovery material that it designates as protected material, or shall make such designation by letter from counsel within 30 days of receipt of the official deposition transcript or copy thereof (or written notification that the transcript is available), listing the specific pages and lines of the transcript that should be treated as protected material. The entire deposition transcript (including any exhibits not previously produced in discovery in this action) shall be treated as protected material under this Protective Order until the expiration of the above-referenced 30-day period for designation, except that the deponent and the deponent's counsel (if any) may review the transcript of his or her own deposition at any time, subject to this Protective Order and the requirement of executing the certification attached as Exhibit A. After designation is made, the CONFIDENTIAL legend shall be placed on the front of the original and each copy of a deposition transcript containing "CONFIDENTIAL" information or items. If the deposition was video recorded, the CONFIDENTIAL legend shall be affixed to both the recording storage medium (*i.e.*, CD or DVD) and its container. The designating party shall prepare a cover letter to accompany

the transcript that identifies the specific pages and lines of transcript and any exhibits designated as protected material. only those pages and lines and exhibits designated as protected material, and their corresponding portions of video, if any, shall be subject to this Protective Order.

d.  For information produced in some form other than documentary and for any other tangible items, that the producing party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the producing party, to the extent practicable, shall identify the protected portion(s).

6.3. <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this Order for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

7. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

7.1. <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of confidentiality at any time that is consistent with the Court's orders.

7.2. <u>Meet and Confer</u>. The challenging party shall initiate the dispute resolution process under Local Rule 37.1, *et seq*.

7.3. <u>Burden of Persuasion</u>. The burden of persuasion in any such challenge proceeding shall be on the designating party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. Unless the designating party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to

which it is entitled under the producing party's designation until the Court rules on the challenge.

**8. ACCESS TO AND USE OF PROTECTED MATERIAL**

8.1. <u>Basic Principles</u>. A receiving party may use protected material that is disclosed or produced by another party or by a non-party in connection with this action only for prosecuting, defending, or attempting to settle this action. Such protected material may be disclosed only to the categories of persons and under the conditions described in this Order. When the action has been terminated, a receiving party must comply with the provisions of Section 13 below. Protected material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

8.2. <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any information or item designated "CONFIDENTIAL" only to:

    a.    The receiving party's outside counsel of record in this action, as well as employees of said outside counsel of record to whom it is reasonably necessary to disclose the information for this action;

    b.    The officers, directors, and employees (including house counsel) of the receiving party to whom disclosure is reasonably necessary for this action;

    c.    Experts (as defined in this Order) of the receiving party to whom disclosure is reasonably necessary for this action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    d.    The court and its personnel;

    e.    Court reporters and their staff;

    f.    Professional jury or trial consultants, mock jurors, and professional vendors to whom disclosure is reasonably necessary for this action and who have signed Exhibit A;

      g.    The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

      h.    Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

**9. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

      a.    Promptly notify in writing the designating party. Such notification shall include a copy of the subpoena or court order;

      b.    Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

      c.    Cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose protected material may be affected.

If the designating party timely seeks a protective order, the party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the party has obtained the designating party's permission. The designating party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.

**10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

12

If a receiving party learns that, by inadvertence or otherwise, it has disclosed protected material to any person or in any circumstance not authorized under this Stipulated Protective Order, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute Exhibit A.

**11.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

**12.  MISCELLANEOUS**

12.1.  <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2.  <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3.  <u>Filing Protected Material</u>. A party that seeks to file under seal any protected material must comply with Local Civil Rule 79-5. Protected material may only be

filed under seal pursuant to a court order authorizing the sealing of the specific protected material at issue. If a party's request to file protected material under seal is denied by the Court, then the receiving party may file the information in the public record unless otherwise instructed by the Court.

### 13. FINAL DISPOSITION

After the final disposition of this action, as defined in Section 4, within 60 days of a written request by the designating party, each receiving party must return all protected material to the producing party or destroy such material.  as used in this subdivision, "all protected material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the protected material. Whether the protected material is returned or destroyed, the receiving party must submit a written certification to the producing party (and, if not the same person or entity, to the designating party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the protected material that was returned or destroyed and (2) affirms that the receiving party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the protected material. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain protected material. Any such archival copies that contain or constitute protected material remain subject to this Protective Order as set forth in Section 4.

### 14. VIOLATION

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

//

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: September 30, 2024

KRAMER LEVIN NAFTALIS & FRANKEL LLP

*/s/ Aaron M. Frankel*
Aaron M. Frankel
NY Bar No. 4025888 (*pro hac vice*)
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-7793
Fax: (212) 715-8363
afrankel@kramerlevin.com

*Pro Bono Attorneys for Plaintiff*

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General, Civil Division

LINDSAY M. VICK
Senior Litigation Counsel

*/s/ Devin L. Barrett*
Devin L. Barrett
Trial Attorney (NY Bar No. 5615018)
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
Phone: (202) 305-8274
Email: devin.barrett@usdoj.gov

*Attorneys for Defendants*

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

Dated: September 30, 2024

_____
HONORABLE CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Dmitry Andrianov v. United States Citizenship and Immigration Services, et al.*, 2:23-cv-09315-CAS-E. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____